# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **LIONEL THOMAS HURD,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:16CV00550 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **DARA ROBICHAUX, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*Lionel Thomas Hurd, Pro Se Plainitff.*

Plaintiff Lionel Thomas Hurd, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. In his Complaint, Hurd alleges that a mentally ill inmate attacked and injured him. After review of the Complaint, I find that it must be summarily dismissed under 28 U.S.C. § 1915A(b)(1).[1]

More specifically, Hurd alleges that on November 3, 2016, while he was incarcerated at Marion Correctional Treatment Center, D. Bowler, an inmate committed for mental health treatment, punched Hurd in the face. Hurd suffered bruises and headaches, and required medical care. In December 2016, Hurd filed this civil rights action, naming the warden and other staff members, contending

---

[1] Hurd has also submitted a motion to modify his request for relief in this action. Because I determine that his original Complaint must be summarily dismissed for failure to state a claim, I must deny the proposed amendment as moot.

that they should be liable to Hurd for monetary damages because Bowler was in their care when the assault occurred.

I am required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if I determine the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Hurd's allegations do not state any actionable constitutional claim against any of the defendants. "[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights. The doctrine of respondeat superior has no application" under § 1983. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks and citation omitted). Because Hurd states no facts indicating that any of the defendants acted personally in any way that deprived him of constitutionally protected rights, he states no § 1983 claim against them. Therefore, I will

summarily dismiss this action without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim.[2]

A separate Final Order will be entered herewith.

DATED: April 6, 2017

/s/ James P. Jones
United States District Judge

---

[2] I do not find that Hurd's current allegations state any claim of constitutional proportions so as to be actionable under § 1983. While prison officials are constitutionally "obligated to take reasonable measures to guarantee inmate safety" against attacks from other inmates, they cannot be liable under § 1983 for failing to prevent such an attack through mere inadvertence or negligence. *Makdessi v. Fields*, 789 F.3d 126, 132 (4th Cir. 2015) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). To state a § 1983 claim for a defendant official's alleged failure to protect him, the plaintiff inmate must show that the official knew facts indicating a substantial risk of serious harm, recognized the existence and seriousness of that risk, and failed to respond reasonably to alleviate it. *Id.* at 133-34. The sparse details that Hurd supplies in his submissions do not suggest that any of the defendant officials knew facts indicating that the attacker inmate posed an excessive risk of harm to his fellow patents at Marion. Furthermore, no injunctive relief is at issue, because Hurd was transferred to another prison facility shortly after filing this lawsuit.