# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **LIONEL THOMAS HURD,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:16CV00550 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DARA ROBICHAUX, ET AL.,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Lionel Thomas Hurd, Pro Se Plaintiff.*

Plaintiff Lionel Thomas Hurd, a Virginia inmate proceeding pro se, has filed an Amended Complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983.  He asserts that prison officials failed to protect him from an assault by another inmate. I conclude that Hurd's Amended Complaint must be summarily dismissed with prejudice for failure to state a claim upon which relief may be granted.

I.

Hurd's initial Complaint was dismissed without prejudice upon my finding that his allegations failed to state a claim because he did not allege personal involvement by any prison official.  *See* 28 U.S.C. § 1915A(b)(1).  Hurd appealed. The United States Court of Appeals for the Fourth Circuit held that "[b]ecause Hurd may be able to remedy the pleading deficiencies identified by the district court by filing an amended complaint, we conclude that the order Hurd seeks to

appeal is neither a final order nor an appealable interlocutory or collateral order."

*Hurd v. Robichaux*, 696 F. App'x 122 (4th Cir. 2017) (unpublished) (citing *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623-24 (4th Cir. 2015) and *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993)). The court of appeals thus dismissed the appeal for lack of jurisdiction, but remanded the case to permit Hurd to file an amended complaint. Accordingly, following the issuance of its mandate by the court of appeals, I directed Hurt to submit an amended complaint,

> clearly titled as such, identifying all defendants, and making a full and complete statement of all of his claims, the facts in support thereof, and the relief requested. Such an Amended Complaint will replace all of Hurd's previous submissions, and I will not consider those prior submissions in deciding his claims.

Order, Oct. 18, 2017, ECF No. 31. Hurd then filed an Amended Complaint, alleging the following facts.[1]

In the fall of 2016, Hurd was incarcerated at Marion Correctional Treatment Center (the "prison" or "MCTC"). He had a prison job as a barber. On November 3, Hurd entered the secured wing of the prison to cut inmates' hair. D. Bowler, an inmate committed for mental health treatment, punched Hurd in the face. Hurd filed an assault charge against Bowler with the local state court, with unspecified results. Hurd's submissions indicate that as a result of Bowler's assault, he

---

[1] Hurd attached copies of his various prison administrative grievances, amplifying his factual allegations, which I have also considered.

suffered a bruise on his cheek and headaches. The medical staff provided him with ice for his cheek and pain medication for the headaches.

According to Hurd, Bowler is serving a life sentence and had been committed to MCTC by court order for mental health treatment. State law authorizes the Director of the Virginia Department of Corrections or his designee to petition a state court judge for commitment of a prisoner for treatment. Va. Code Ann. § 53.1-40.1(A). The court may order such commitment if clear and convincing evidence shows that the inmate "is incapable, either mentally or physically, of giving informed consent to such treatment" and such treatment is in his best interests. *Id.* Hurd contends that Bowler's commitment under this section put the MCTC medical staff and warden on notice that Bowler was dangerous. Bowler was also a high security inmate, while Hurd was a low security inmate. The MCTC staff failed to place Bowler in handcuffs or shackles before allowing Hurd to enter the secured area to cut his hair.

As defendants to his § 1983 claims, Hurd has named the warden of the prison, Dara Robichaux, MCTC, and "staff." Am. Compl. 1, ECF No. 32. He contends that the warden and the staff should be liable to him for monetary damages because Bowler was committed to their care when the assault occurred.[2]

_____

[2] Hurd also seeks Extraordinary Good Conduct Time under Virginia Code § 53.1-191 to reduce his prison sentence to time served, based on the bodily injury he suffered. Mot. for Leave to Modify 1, ECF No. 16; Mot. Amend. 4, ECF No. 29. Such relief is not

## II.

I am required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if I determine the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, Hurd has no legal basis for § 1983 claims against MCTC. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983," and this rule also applies to "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Because the prison is properly considered an arm of the Commonwealth of Virginia, it cannot be sued under § 1983.

While the warden and individual prison staff members are persons subject to suit under § 1983, Hurd has failed to state any claim against any of them for other reasons. In a § 1983 action, "liability will only lie where it is affirmatively shown

---

available in a § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 507 (1973) (holding that claim affecting length of "actual confinement in prison" may not be presented through § 1983 action).

that the official charged acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks, citations and alterations omitted). Given this requirement to show individual involvement, Hurd cannot proceed with any § 1983 claim against MCTC's medical staff as a group. He has not identified any individuals in this group with particular responsibility for Bowler's care in November 2016 or stated facts about actions any such individual personally took that, in any way, caused Hurd's injuries. Moreover, even if Hurd could show that some medical staff member erred in failing to order restraints for Bowler, the warden cannot be held liable under § 1983 for that error merely by virtue of her supervisory position. *Id.* ("The doctrine of respondeat superior has no application" under § 1983).

Furthermore, Hurd's allegations do not suggest that the warden or anyone else at the prison deprived him of his constitutional rights.

> The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. Prisons house persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, and at the same time strips inmates of virtually every means of self-protection. The government and its officials are not free to let the state of nature take its course, and gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective.
>
> Prison officials are, therefore, obligated to take reasonable measures to guarantee inmate safety. In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.

That being said, not every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety. Rather, liability attaches only when two requirements are met. First, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. For a claim based on a failure to prevent harm, the plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm.

*Makdessi v. Fields*, 789 F.3d 126, 132-33 (4th Cir. 2015) (internal quotation marks, citations and alterations omitted). In this case, Hurd must show objectively that he has suffered a "significant physical or emotional harm" as a result of the hazardous condition at issue. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

The second requirement in the constitutional standard is to show that, subjectively, the official knew facts indicating a substantial risk of serious harm, recognized the existence and seriousness of that risk, and failed to respond reasonably to alleviate it. *Makdessi*, 789 F.3d at 133-34.

A prison official's subjective actual knowledge can be proven through circumstantial evidence showing, for example, that the substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it. Direct evidence of actual knowledge is not required.

*Id.* at 133 (internal quotation marks and citations omitted). On the other hand, while prison officials are constitutionally "obligated to take reasonable measures to guarantee inmate safety" against attacks from other inmates, they cannot be liable

under § 1983 for failing to prevent such an attack through mere inadvertence or negligence. *Id.* at 132.

Hurd has not stated facts supporting either prong of the Eighth Amendment standard. First, he has not shown that he was confined under conditions posing a "substantial risk of serious harm." *Id.* at 133. At the most, he alleges suffering temporary bruises and headaches from Bowler's attack. I cannot find that these injuries qualify as "significant physical or emotional harm" so as to satisfy the objective prong of the standard. *Shakka*, 71 F.3d at 166.

Second, Hurd states no facts showing that any prison official knew that Bowler posed a substantial risk of harm to other inmates, as required to satisfy the subjective prong of the standard. Contrary to Hurd's contention, the mere fact of Bowler's commitment or security level does not show, or even suggest, that he is dangerous to other inmates. As indicated, the state court may order commitment upon finding that the inmate "is incapable, either mentally or physically, of giving informed consent" to mental health treatment that would be in his own best interests. Va. Code Ann. § 53.1-40.1. Hurd does not allege that Bowler had attacked or threatened to attack other inmates at MCTC or at any other prison facility where he had been incarcerated. Thus, he fails to forecast any evidence showing a documented pattern of dangerous behavior from Bowler putting MCTC

officials on notice that without restraints, he posed a substantial risk of serious harm to others.

## III.

Based on Hurd's failure to plead necessary facts supporting the elements of his deliberate indifference claim, after he was granted an opportunity to do so through amendment, I must summarily dismiss his § 1983 claims under § 1915A(b)(1) with prejudice for failure to state a claim upon which relief may be granted. For the same reason, I must deny Hurd's Motion for Summary Judgment. Finally, pursuant to 28 U.S.C. § 1367(c), I decline to exercise supplemental jurisdiction over any related state law claim Hurd may be attempting to raise in this action and will dismiss such claims without prejudice.

A separate Final Order will be entered herewith.

DATED: November 7, 2017

/s/ James P. Jones
United States District Judge